UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

TOBY ARANT                                      Case No. 5:13-cv-02209-EEF-MLH

     Plaintiff,

vs.

WAL-MART STORES INC., ET AL.                    ORAL ARGUMENT REQUESTED

     Defendants.

---

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' TAHSIN INDUSTRIAL CORP., USA and WAL-MART STORES, INC.,
MOTION FOR SUMMARY JUDGMENT**

Respectfully submitted,

*/s/*MILTON S. KARFIS
MILTON S. KARFIS, (MI BAR NO. P55673)
CLARK HILL, PLC
500 Woodward Ave Ste 3500
Detroit, MI 48226
Telephone: (313) 965-8802
Facsimile: (313) 309-6922
e-Mail: mkarfis@clarkhill.com

and

GRAYDON K. KITCHENS, III
KITCHENS LAW
420 Broadway
P.O. Nox 740
Minden, LA 71058-0740
Telephone: (318)377-5331
Facsimile: (318)377-5361
e-Mail: gray@kitchenslawfirm.com
Attorneys for Tahsin Industrial Corp. U.S.A.

1

## <u>TOC</u>

I.   Introduction ......................................................................................................... 1

II.   Undisputed Record.............................................................................................. 2

III.   Argument ............................................................................................................ 2

  A.  Standard Of Review ..................................................................................... 2

  B.  The Plaintiff Has Not Provided Sufficient Evidence To Establish Any Type Of Products Liability Claim Against Defendants. ....................................................................... 4

    1.  General Principles Concerning Establishing A Prima Facie Case Of A Products Liability Claim. ................................................................................................. 4

      a.  The Plaintiff Has Failed To Establish Any Evidence Of Defect In The     Subject Ratchet Straps And Cannot Establish A Pima Facie Case For     Design Defect Or Manufacturing Defect. ...................................................................... 5

      b.  The Plaintiff Has Failed To Present Any Evidence To Establish A Failure     To Warn Claim........................................................................................ 6

      c.  The Plaintiff Has Not Set Forth Any Evidence That The Subject Product     Was "Unreasonable Dangerous Because Of Nonconformity To An     Express Warranty. ....... 7

    2.  Plaintiff's Failure To Establish A Redhibition Claim Against  Defendants Under Louisiana Law For Breach Of Implied Warranty Of  Fitness. ............................................... 8

    3.  The Plaintiff Has Not Presented Any Evidence In Order To Establish A Prima Facie Case Of Any Type Of Products Liability Claim; More Specifically, Plaintiff Has Not Provided Any Expert Opinion Or Testimony In Support Of His Products Liability Claim... 9

Iv.   Conclusion .................................................................................................... 10

i

# TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252; 106 S.Ct. 2505, 2512; 91 L.Ed.2d 202 (1986) ................................................................................................................ 2

*Aucoin v. Amneal Pharms., LLC,* 2012 U.S. Dist. LEXIS 100889, * 32-33 (E.D. La. July 20, 2012) ......................................................................................................... 5, 6

*Boos v. Benson Jeep-Eagle Co., Inc.,* 717 So.2d 661, 663  (La. App. 4 Cir. 1998) ...................... 8

*Broussard v. P&G Co.*, 463 F. Supp. 2d 596, 604 (W.D. La. 2006) ...................................... 4, 6, 7

*Caboni v. GMC*, 398 F.3d 357 (2005) .......................................................................... 7

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322; 106 S.Ct. 2548, 2552; 91 L.Ed.2d 265 (1986) .... 2, 3

*Kampen v. American Isuzu Motors, Inc.*, 157 F.3d 306, 309 (5th Cir. 1998) ................................ 4

*Krummel v. Bombardier Corp.,* 206 F.3d 548, 552, (5th Cir. 2000) ........................................ 5

*Liberty Lobby,* 477 US at 252 (1986) ...................................................................... 2, 3

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587; 89 L.Ed.2d 538; 106 S.Ct. 1348, 1356 (1986) ................................................................ 2, 3

*McCarthy v. Danek Medical, Inc.,* 65 F. Supp. 2d 410, (E.D. La. 1999) ...................................... 4

*Nelson Radiology Assoc., L.L.C.. v. Integrity Med. Sys.,* 16 So. 3d 1197, 1206 (La. App. 4 Cir. 2009) ................................................................................................. 8

*Stroderd v. Yamaha Motor Corp., U.S.A.*, 2005 U.S. Dist. LEXIS 17797, * 12 (E.D. La. Aug. 4, 2005) ................................................................................................. 4

*Welch v. Technotrion, Inc.,* 778 So. 2d 728 (La. App. 2d Cir. 2001) ........................................ 4

*Zettle ex rel.* v *Handy Mfg. Co.,* 998 F.2d 358 (1993) .................................................. 3

## Statutes

La. Rev. Stat. § 9:2800.54 .................................................................................. 4

## Other Authorities

Louisiana Civil Code, article 2520 .......................................................................... 8

Louisiana Products Liability Act (LPLA), La. Rev. Stat. Ann. § 9:2800.51 *et seq.* ...... 4, 5, 6, 7, 8

**Rules**

*Fed.R.Civ.P. 56(c)* ................................................................................................................ 2

201282937.1 27367/163867

## <u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

**MAY IT PLEASE THE COURT:**

### I.       INTRODUCTION

Defendants bring this motion for summary judgment on the basis that Plaintiff has not submitted sufficient evidence in order to establish any type of products liability claim concerning the subject replacement ratchet straps at issue in this case.[1] This is a product liability action where the Plaintiff alleges that the subject product was defectively manufactured and/or designed resulting in the Plaintiff falling sustaining certain injuries.   Other than making unsupported assertions that the subject ratchet straps are defective, Plaintiff has not presented any other evidence in support of such accusations during discovery.   Plaintiff has failed to name experts or provide Rule 26 expert reports, and has otherwise utterly failed to present any evidence to support that the subject ratchet straps were defectively manufactured and/or designed, let alone proof on causation.   In fact, Plaintiff has never even identified any liability experts.   The uncontested facts and the uncontested opinions by the Defendants' experts demonstrate that the incident occurred because of Plaintiff's misuse of the product, and that the product is both safe and not defective.   The accident occurred because the Plaintiff misused the subject product by leaving the ratchet straps on a tree exposed to the elements for approximately four to five years resulting in deterioration to the straps which caused the straps to break.   Accordingly, Plaintiffs are unable to establish any type of products liability claim concerning the subject ratchet straps. For these reasons, Defendants are entitled to summary judgment as a matter of law.

---

[1] Defendant Tahsin Industrial Corp, U.S.A. is the alleged manufacturer of the product and Wal-Mart Stores, Inc. is the alleged seller.

1

## II.     UNDISPUTED RECORD

The facts pertinent to this motion are set forth in the accompanying Statement of Undisputed Facts.  They will not be repeated herein.

## III.     ARGUMENT

### A.     STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See Fed.R.Civ.P. 56(c).* After discovery, summary judgment is warranted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322; 106 S.Ct. 2548, 2552; 91 L.Ed.2d 265 (1986). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-252; 106 S.Ct. 2505, 2512; 91 L.Ed.2d 202 (1986).

The moving party has an initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. Once the moving party meets this burden, the non-moving party must come forward with specific facts showing there is a genuine issue of material fact for trial. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587; 89 L.Ed.2d 538; 106 S.Ct. 1348, 1356 (1986). To demonstrate a genuine issue of material fact, the non-moving party must present evidence upon which a jury could reasonably find for the non-moving party. *See Liberty Lobby,* 477 US at 252 (*"[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.* " (emphasis added)).

2

However, the trial court should not hesitate to grant a meritorious motion for summary judgment. The Supreme Court of the United States properly prescribed the principles governing the standard for summary judgment in the *Celotex* trilogy.  These cases, *Matushita, supra, Liberty Lobby, supra,* and *Celotex, supra,* substantially increased the availability of summary judgment and encouraged greater use by the trial courts. This policy was described by Justice Rehnquist in *Celotex:*

> Summary Judgment procedure is properly regarded not as a disfavored procedural shortcut but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action.... Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis.

*Celotex,* 477 U.S. at 327 (internal citations and quotations omitted).

Accordingly, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matushita,* 475 U.S. at 587.

Following the *Celotex* trilogy, the use of summary judgment has been given special import in product liability cases. As explained by the United States Court of Appeals for the Sixth Circuit in *Zettle ex rel.* v. *Handy Mfg. Co.,* 998 F.2d 358 (1993):

> Underlying our *de novo* review of the adequacy of plaintiff's evidence to withstand summary judgment on either of these two prongs is the issue of the proper limits to be placed on a product liability plaintiff's ability to take her case to an often-sympathetic jury. If a plaintiff may proceed with merely the opinion of an "expert witness" retained specifically for that purpose, whose unsupported testimony is construed to create an "issue of material fact" to avoid summary judgment under Fed. R. Civ. Proc. 56(c), it is difficult to conceive of any product liability case that could not proceed to trial.

*Id.* at 360-361. As the Court recognized:

> Accordingly, bold assertions of ultimate conclusions or opinions, without factual support for such conclusions is not enough to create a genuine issue of material

3

fact for trial.

*Id.*

**B.     THE PLAINTIFF HAS NOT PROVIDED SUFFICIENT EVIDENCE TO ESTABLISH ANY TYPE OF PRODUCTS LIABILITY CLAIM AGAINST DEFENDANTS.**

    *1.     GENERAL PRINCIPLES CONCERNING ESTABLISHING A PRIMA FACIE CASE OF A PRODUCTS LIABILITY CLAIM.*

Under the Louisiana Products Liability Act (LPLA), La. Rev. Stat. Ann. § 9:2800.51 *et seq.*, there are general principles of the Plaintiff's burden to establish a *prima facie* case of a products liability claim, under both strict liability and negligence, in Louisiana:

> A plaintiff bears a two-tiered burden in pleading a LPLA claim. The plaintiff must show that: "(1) his damages were proximately caused by a characteristic of the product that renders it unreasonably dangerous, and (2) his damages arose from a reasonably anticipated use of the product." *Kampen v. American Isuzu Motors, Inc.*, 157 F.3d 306, 309 (5th Cir. 1998) citing La.Rev.Stat.Ann. § 9:2800.54(D). A product can be "unreasonably dangerous" in four ways: "(1) in construction or composition; (2) in design; (3) because of an inadequate warning; or, (4) because of nonconformity to an express warranty." *Kampen*, 157 F.3d at 309 citing La.Rev.Stat.Ann. § 9:2800.54(B).

*Stroderd v. Yamaha Motor Corp., U.S.A.*, 2005 U.S. Dist. LEXIS 17797, * 12 (E.D. La. Aug. 4, 2005); *see also, McCarthy v. Danek Medical, Inc.,* 65 F. Supp. 2d 410, (E.D. La. 1999).  Defects are not presumed by the mere occurrence of an accident.  *Welch v. Technotrion, Inc.,* 778 So. 2d 728 (La. App. 2d Cir. 2001); *McCarthy,* 65 F. Supp. 2d 410.

As such, "as a threshold matter, to recover under any theory under the LPLA, the plaintiff must prove that her damages: (1) were proximately caused by the characteristic of the product that renders it unreasonably dangerous, and (2) rose from a 'reasonably anticipated use of the product.'" *Broussard v. P&G Co.*, 463 F. Supp. 2d 596, 604 (W.D. La. 2006) (citing to La. Rev. Stat. § 9:2800.54(A); *Kampen* 157 F.3d at 309).

4

      *a.*    *The Plaintiff Has Failed to Establish Any Evidence of Defect in The Subject Ratchet Straps and Cannot Establish a Pima Facie Case for Design Defect or Manufacturing Defect.*

In *Krummel v. Bombardier Corp.,* 206 F.3d 548, 552, (5th Cir. 2000), the United States Court of Appeals for the Fifth Circuit reasoned that the LPLA and the Restatement both require extensive evidence to find liability for products liability claims:

> Like the LPLA, the Restatement requires ***more extensive evidence in order to find liability***. The comments to the Restatement (Third) of Product Liability § 2 note that in design defect cases and inadequate warning cases "***some sort of independent assessment of advantages and disadvantages, to which some attach the label 'risk-utility balancing,' is necessary***." *See id.* at cmt. a. See also *Whitted v. General Motors Corp.*, 58 F.3d 1200, 1206-7 (7th Cir. 1995) (finding that for liability for failure to warn under Indiana product liability law and citing to then-proposed Restatement (Third) of Products Liability § 2(c) a plaintiff must present evidence, via statistics or other means, to illustrate that there is a possibility the product may cause injury).

In *Aucoin v. Amneal Pharms., LLC,* 2012 U.S. Dist. LEXIS 100889, * 32-33 (E.D. La. July 20, 2012), the Court set forth the non-exclusive factors that should be considered in balancing the risk created by the product's design against the utility and costs as follows:

> To establish a design defect claim, a plaintiff must establish that, at the time the product left the manufacturer's control, "[t]here existed an alternative design for the product that was capable of preventing the claimant's damage" and that the danger of the damage outweighed the burden on the manufacturer of adopting the alternative design. La. R.S. § 9:2800.56.

> To establish a construction or composition defect claim, a plaintiff must establish that, at the time the product left the manufacturer's control, the product "deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. R.S. § 9:2800.55. This LPLA provision provides a cause of action for a product that is defective because of a mistake in the manufacturing process. La. R.S. § 9:2800.55.

In *Aucoin,* the Court noted that the plaintiff did nothing more than provide conclusory statements

that merely recited the elements for a cause of action under the LPLA and did nothing more to

establish sufficient facts to survive a motion to dismiss:

> For each of these three claims, Plaintiff has done no more than
> formulaically recite statutory provisions and make conclusory allegations,
> without alleging facts in support of his claims. Here, even if Plaintiff's
> design defect claim was not preempted under Mensing, Plaintiff has not
> alleged that there existed an alternative design for  [35] the drug, an
> "essential element" of a LPLA design defect claim. 111 Further, Plaintiff
> has not alleged that the burden on the manufacturer to develop such a drug
> outweighed the dangers posed by the current design. Therefore, instead of
> alleging either of the elements for a design defect claim, Plaintiff has
> merely recited the elements of the cause of action. Likewise, regarding
> Plaintiff's construction or composition defect claim, Plaintiff has not
> alleged that the medicine he received deviated in any way from the
> manufacturer's production standards or from the manufacturer's otherwise
> identical products — he merely recites the elements of this cause of
> action.

*Aucoin,* 2012 U.S. Dist. LEXIS 100889, * 34-35.

### b.   The Plaintiff Has Failed to Present Any Evidence to Establish a Failure to Warn Claim.

In *Broussard,* the court noted the general principles concerning establishing a failure to

warn claim as follows:

> To recover under the theory of failure to warn, the plaintiffs bear the
> burden of establishing that: (1) "the product possessed a characteristic that
> may cause damage and the manufacturer failed to use reasonable care to
> provide an adequate warning of such characteristic and its danger to users
> and handlers of the product;" and (2) that the failure to do so proximately
> caused the claimant's injuries. LPLA §§ 2800.54 and 2800.57; *Krummel v.
> Bombardier Corp.*, 206 F.3d 548, 557 (5th Cir. 2000).

*Broussard,* 463 F. Supp. 2d at 609.

In *Broussard*, *supra*, the Court granted defendant's motion for summary judgment noting

that the plaintiff failed to establish that the defendant's instructions and warnings were

inadequate to warn the plaintiff of the severity of the potential danger of the product:

6

Plaintiffs simply respond that the provided warnings and instructions were not adequate to alert the user to the severity of the potential danger of the product, namely the potential for the third-degree chemical burns experienced by Ms. Broussard. They contend that the warnings and instructions were confusing and contradictory and that the necessity of the precautions was not clear. Plaintiffs aver that the facts of this case and the labeling on the outside of the package, the inner pouch and the package insert are sufficient to establish that the reasonable person reading the provided instructions and warnings would not reasonably anticipate the severity of the potential danger from use of the heat wrap to which she was exposing herself.

*A "mere allegation of inadequacy" is insufficient for a plaintiff to survive summary judgment on a failure-to-warn claim. Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254 (5th Cir. 2002). Plaintiffs' **sole evidence is the product labeling itself and self-serving affidavits** that if Ms. Broussard knew the heat wrap could cause the type of burn she suffered then she would not have used it. Plaintiffs have not offered evidence of what warning Procter & Gamble should have provided or how such a warning would have prevented Ms. Broussard's injuries. Therefore, even if the Court had found that Procter & Gamble failed to use reasonable care to provide an adequate warning of the severity of danger, plaintiffs' adequacy of warning claim under the LPLA would still fail on summary judgment because they have failed to support their burden   of proof as to the element of causation - that, but for the inadequate warning, Ms. Broussard would not have used the product at all or in the manner that she did, and thus would not have been injured. *Willett v. Baxter Int'l*, 929 F.2d 1094, 1098-99 (5th Cir. 1991); *Grenier v. Medical Engineering Corp.*, 243 F.3d 200, 205 (5th Cir. 2001). Thus, plaintiffs' conclusory assertion that Ms. Broussard was harmed by an inadequate warning must fail.

*Broussard,* 463 F. Supp. 2d at 609-610.

   c.    ***The Plaintiff Has Not Set Forth Any Evidence that the Subject Product Was "Unreasonable Dangerous Because of Nonconformity to an Express Warranty.***

In *Caboni v. GMC*, 398 F.3d 357, the Fifth Circuit Court set forth the general principles

of establishing a breach of warranty claim under the LPLA:

The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." LA. REV. STAT. ANN. § 9:2800.52; [360]  see also Brown v. R.J. Reynolds Tobacco Co., 52 F.3d 524, 526 (5th Cir. 1995). [6]  Under the LPLA, a plaintiff can

7

> prove that a product is unreasonably dangerous by showing nonconformity to an express warranty. LA. REV. STAT. ANN. § 9:2800.54(B).    A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue. LA. REV. STAT. ANN. § 9:2800:58.

*Id.* at 359-360.

### 2.  PLAINTIFF'S FAILURE TO ESTABLISH A REDHIBITION CLAIM AGAINST DEFENDANTS UNDER LOUISIANA LAW FOR BREACH OF IMPLIED WARRANTY OF FITNESS.

Lastly, the Plaintiff sets forth a contractual redhibitory claim under Louisiana law, which is distinctly different than a tort claim. However, a claim under redhibitory law requires that the product is actually defective. According to the Louisiana Civil Code, article 2520, a seller warrants to the buyer against any redhibitory defects or vices in the product that is sold.  La. C.C. art. 2520.  However, "a *defect* is redhibitory when it 'renders the thing useless, or it is use so inconvenient that it must be presumed that the buyer would not have bought the thing had he known of the defect'".  *Nelson Radiology Assoc., L.L.C.. v. Integrity Med. Sys.,* 16 So. 3d 1197, 1206 (La. App. 4 Cir. 2009).  As such, the warranty extends only for defects that existed at the time of delivery of the product. *Id.; See also, Boos v. Benson Jeep-Eagle Co., Inc.,* 717 So.2d 661, 663  (La. App. 4 Cir. 1998). This claim limits the buyer to seek a reduction in price and for attorney fees, which is not permitted by the LPLA. *Id.*   As stated above, Plaintiff has failed to establish that a defect existed in this matter.   As such, there can be no claim for redhibitory defects or damages.

8

3.      THE PLAINTIFF HAS NOT PRESENTED ANY EVIDENCE IN ORDER TO ESTABLISH A PRIMA FACIE CASE OF ANY TYPE OF PRODUCTS LIABILITY CLAIM; MORE SPECIFICALLY, PLAINTIFF HAS NOT PROVIDED ANY EXPERT OPINION OR TESTIMONY IN SUPPORT OF HIS PRODUCTS LIABILITY CLAIM.

As the above case law sets forth, the Plaintiff has the burden of establishing some type of products liability claim that is more than mere unsupported assertions, and must submit credible evidence, including expert testimony, in support of their claim . In this matter, the Plaintiff has provided absolutely no expert opinions concerning whether the subject ratchet straps were defectively manufactured or designed.   The Plaintiff merely provided very vague descriptions in his Petition and responses to Defendants' interrogatories that the produce failed without any evidence to support such a claim.  The Plaintiff has not shown that the subject ratchet straps were unreasonably dangerous or that the straps do not conform with any alleged express warranty. The Plaintiff has not presented any evidence that there was a manufacturing defect caused by mistake in the manufacturing process that was a proximate cause of the Plaintiff's injury.  There is no evidence at all of any defect to the subject straps.

The Plaintiff has also not established that there is a design defect with the subject ratchet straps or that there was an alternative design for the product that was capable of preventing the claimant's damage.  The Plaintiff has not shown either a negligence or a strict liability design defect claim.   The Plaintiff has not presented any evidence of a failure to warn claim.  The Plaintiff cannot establish a claim for breach of warrant.  Finally, Plaintiff cannot establish a claim for redhibitory defect or damages.  On the contrary, the Plaintiff testified that he read the instructions that were supplied with the ratchet straps, as well as the other hunting products he was using that day, and fully understood those instructions.

9

Furthermore, the Defendants have reviewed the physical evidence and established that the product did <u>not</u> cause the event.  As explained by the defense experts, Plaintiff's incident was solely caused by the Plaintiff leaving the subject straps exposed to the outdoor elements for more than three years and for failing to utilize a full-body safety harness at the time of his fall. **Exhibit J, Smith Affidavit; Exhibit I, Saunders Affidavit; Exhibit K, Zupan's Affidavit**.   The Plaintiff has no evidence to contradict this proof.  Accordingly, Plaintiff's claims fail as a matter of law.

## IV.    CONCLUSION

For the above reasons, Defendants request this Court grant their Motion for Summary Judgment dismissing this action in its entirety with prejudice and with costs and attorney fees so wrongfully incurred.