**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| TOBY ARANT | CIVIL ACTION NO. 13-cv-2209 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| WAL-MART STORES, INC., ET AL | MAGISTRATE JUDGE MARK HORNSBY |

**<u>MEMORANDUM RULING</u>**

Pending before the Court is a motion for summary judgment on the Plaintiff's claims, filed by the Defendants, Tashin Industrial Corp., USA ("Tashin") and Wal-Mart Stores, Inc. ("Wal-Mart").[1] In this motion, the Defendants seek to dismiss all claims filed by the Plaintiff, Toby Arant ("Arant"). For the reasons that follow, the Defendants' motion for summary judgment shall be **GRANTED**, and the Plaintiff's claims against the Defendants are **DISMISSED**.

**I.      Factual and Procedural Background**

Arant purchased two 1" ratchet straps (the "ratchet straps"), which are manufactured by Tashin, at Wal-Mart in June or July of 2011.[2] He used the ratchet straps to secure a lock-on tree stand to a tree for hunting. On September 9, 2012, when Arant climbed onto his tree stand, the ratchet straps failed. Arant fell over twenty feet to the ground and sustained serious injuries.[3]

---

[1]Record Document 53.

[2]Record Document 61, p. 1.

[3]<u>Id.</u>

Page 1

Arant filed a Petition for Damages in the Second Judicial District Court in Claiborne Parish, Louisiana.[4] The Defendants removed the suit and thereafter filed the pending motion for summary judgment.[5] Arant filed an opposition, and the Defendants replied.[6] Arant filed a supplemental opposition to the motion for summary judgment, and the Defendants replied to that supplemental opposition.[7]

## II.   Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id., 477 U.S. at 322, 106 S. Ct. at 2552.  If the party moving for summary judgment fails to satisfy its initial burden of demonstrating the absence of a genuine issue of material fact, the motion must be denied, regardless of the nonmovant's response. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the motion is properly

---

[4]Record Document 1-2.

[5]Record Documents 1 and 53.

[6]Record Documents 61 and 64.

[7]Record Documents 68 and 74.

Page 2

made, however, Rule 56(c) requires the nonmovant to go "beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).  While the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence, Little, 37 F.3d at 1075,  Wallace, 80 F.3d at 1047, all factual controversies must be resolved in favor of the nonmovant.  Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005).

## III.    Law and Analysis

As this case is before the Court under diversity jurisdiction, the Court must apply the substantive law of the forum state.  Bradley v. Allstate Ins. Co., 620 F.3d 509, 517 n.2 (5th Cir. 2010) (citing Erie R.R. v. Tompkins, 304 U.S. 64 (1938)).  The Fifth Circuit in In re Katrina Canal Breaches Litigation stated the appropriate methodology for a federal court sitting in diversity in Louisiana to apply:

> To determine Louisiana law, we look to the final decisions of the Louisiana Supreme Court.  In the absence of a final decision by the Louisiana Supreme Court, we must make an Erie guess and determine, in our best judgment, how that court would resolve the issue if presented with the same case.  In making an Erie guess, we must employ Louisiana's civilian methodology, whereby we first examine primary sources of law: the constitution, codes, and statutes. Jurisprudence, even when it rises to the level of *jurisprudence constante*, is a secondary law source in Louisiana.  Thus, although we will not disregard the decisions of Louisiana's intermediate courts unless we are convinced that the Louisiana Supreme Court would decide otherwise, we are not strictly bound by them.

495 F.3d 191, 206 (5th Cir. 2007) (citations and internal quotation marks omitted).

Arant argues that the ratchet straps were unreasonably dangerous pursuant to the Louisiana Products Liability Act (the "LPLA").  La. Rev. Stat. § 9:2800.51, et seq.  Arant also alleges a cause of action against the Defendants for breach of warranty against redhibitory defects, pursuant to Louisiana Civil Code article 2520. Arant has presented no expert reports in response to the Court's pretrial deadlines, nor has be offered any such proof in rebuttal to the pending motion.

### A.    The LPLA

The LPLA establishes the exclusive theories of liability under Louisiana law for manufacturers for damage caused by their products. La. Rev. Stat. § 9:2800.51, et seq. To recover under the LPLA, a Plaintiff first must show that his damages were proximately caused by the unreasonably dangerous characteristic of the product and that his damages arose from a reasonably anticipated use of the product. La. Rev. Stat. § 9:2800.54(A). Viable claims under the LPLA require the Plaintiff to present evidence that the product is unreasonably dangerous in either its (1) construction or composition, (2) design, (3) adequacy of warning, or (4) failure to conform to an express warranty. Id. at (B).

As a threshold matter, to recover under any theory under the LPLA, the Plaintiff must prove that his damages (1) were proximately caused by the characteristic of the product that renders it unreasonably dangerous, and (2) rose from a reasonably anticipated use of the product. Kampen v. Am. Isuzu Motors, Inc., 157 F.3d 306, 309 (5th Cir. 1998). The Louisiana Supreme Court has held that "[a] products liability claim is, by its own nature, extremely 'fact-intensive,' and as such, the heart of [a Plaintiff's] claim lies with the sufficiency of evidence presented at trial." Lawson v. Mitsubishi Motor Sales of Am., Inc.,

05-257 (La. 9/6/06); 938 So. 2d 35, 40. The existence of a vice or defect in a product will not be inferred based on the sole fact that an accident occurred. Weiss v. Mazda Motor Corp., 10-CA-608; (La. App. 5 Cir. 11/23/10), 54 So. 3d 724, 726.

While the parties agree that the ratchet straps failed, the LPLA requires that Arant establish what specific unreasonably dangerous characteristic of the ratchet straps was the underlying cause of their failure. La. Rev. Stat. § 9:2800.54(A). To put it another way, the parties agree that Arant fell out of his tree stand and onto the ground because the ratchet straps failed. The question for this Court on summary judgment, however, is whether the Plaintiff has made a showing sufficient to establish the existence of an unreasonably dangerous characteristic of the ratchet straps that caused them to fail.

The Defendants have presented expert testimony stating that the straps failed because they had been left outside in the elements.[8] The Defendants' expert opined that "[t]he total outdoor exposure time of the two subject straps is then determined to be 1396 days (3.8 years) and 1320 days (3.6 years)."[9] Defendants argue that it was a combination of tree growth and exposure to the elements, and not an unreasonably dangerous characteristic of the ratchet straps, that caused the straps ultimately to fail. Arant disputes the Defendants' assertion that the straps had been on the tree for several years and argues that it is an unreasonably dangerous characteristic of the ratchet straps that caused them to fail.[10] Arant cites testimony from the Defendants' expert, who stated that the straps

---

[8]Record Document 64, p. 3.

[9]Record Document 53-1, p. 10.

[10]Record Document 61, p. 1. Arant has testified that he bought the straps from Wal-Mart less than two years before the ratchet straps failed and that he only kept

should not have broken if they had been on the tree the amount of time that Arant claims that they were.[11] While Arant's deposition testimony and his counsel's arguments raise questions about the veracity of the Defendants' theory on why the ratchet straps failed, Arant has not presented evidence of an alternative theory as to why the ratchet straps failed. Arant has not presented any expert testimony or other evidence that indicates what specific characteristic of the ratchet straps he believes is unreasonably dangerous and caused his injuries.

Arant does argue in his supplemental opposition that "[t]he straps failed because Tashin knowingly created a product made for outdoor use that was susceptible to UV degradation and subsequent failure."[12] This statement implies that Arant believes that the straps failed because they were exposed to sunlight. However, Arant has not provided any evidence about how being exposed to UV rays caused the straps to fail, especially considering the fact that he continues to argue that the ratchet straps were not left outside for a long period of time.[13]

Arant argues that he does not need to present expert or technical evidence to satisfy his prima facie burden under the LPLA. He believes that his circumstantial evidence is sufficient to prove causation by utilizing the doctrine of *res ipsa loquitur.* The Defendants

---

them outside on his tree stand during deer hunting season.

[11]Record Document 68, p. 8.

[12]Id. at p. 5.

[13]Id. at p. 9.

argue that Arant cannot use circumstantial evidence alone to prove causation and that he must present expert testimony on the cause of the ratchet strap's failure.

Arant is correct in his assertion that expert testimony is not required in LPLA cases. In Malbrough v. Crown Equip. Corp., 392 F.3d 135, 137 (5th Cir. 2004), the Fifth Circuit found that "no language or provision of the statute requires that a cause of action alleging a design defect must, as a matter of law, be supported by expert testimony."  The court found that "there may be cases in which the judge or jury, by relying on background knowledge and common sense, can fill in the gaps in the plaintiff's case, and thus undertake the utility balancing required by the LPLA without the aid of expert testimony." Id. (citations omitted).

While expert testimony is not mandatory in LPLA cases, it is strongly favored under Louisiana law. See Gladney v. Milam, 39,982 (La. App. 2 Cir. 9/21/05); 911 So. 2d 366, 370. In Belleau v. Bridgestone/Firestone N. American Tire, LLC, the Plaintiffs offered only their testimony about an accident allegedly caused by a defective tire manufactured by the Defendant. No. 05-192, 2008 WL 565480, at *1 (M.D. La. February 28, 2008). The Court found that the Plaintiffs' testimony and their argument that there were issues of fact contained in the Defendant's expert's reports to be insufficient evidence to satisfy their burden of proof. Id. In Haskins Trucking Inc. v. Goodyear Tire & Rubber Co., the court found that "a review of the case law involving Louisiana products liability claims reveals that courts generally demand, or at a minimum favor, expert testimony to prove an unreasonably dangerous defect in composition or design of a product." No. 07-0585, 2008 WL 1775272, at *5 (W.D. La. April 17, 2008). There, the court held that:

There is no expert testimony in this case. . . . Haskins Trucking is left to rely on the allegations in its petition, deposition testimony, and discovery responses in meeting its burden of proving why the tires failed, what caused their alleged failure, and/or how the failure is causally connected to the practices of Goodyear. Focusing on proximate causation, the Court finds that Haskins Trucking has not come forward with sufficient evidence from which a reasonable juror could conclude that more probably than not the damages in this case were caused by a defective condition of the tires or the retreading process. Haskins Trucking has not sufficiently accounted for other possible causes of the tire failure, such as the age of the tires, road hazards, and tread wear below the minimum tread depth. The deposition testimony and discovery responses certainly constitute circumstantial evidence raising concerns about gum rubber and caps, however without expert testimony or other convincing technical evidence, these speculations and opinions are simply not enough to create a factual issue regarding a defective condition in the tire or retreading process.

Id.

One of the exceptions to this general rule that expert testimony is strongly favored is in cases in which the doctrine of *res ipsa loquitur* is applicable.  The Louisiana Supreme Court has held the doctrine of *res ipsa loquitur* must be applied sparingly in LPLA cases. Lawson, 938 So. 2d at 40. The doctrine of *res ipsa loquitur* "is a rule of circumstantial evidence in which negligence is inferred because in common experience the incident would not ordinarily occur in the absence of negligence. However, if there is an equally plausible explanation for the occurrence, the doctrine is not applicable." Gladney, 911 So. 2d at 371 (citing McDowell v. Don Bohn Ford, Inc., 99-238 (La. App. 5th Cir. 7/27/99); 739 So. 2d 950).

Arant has presented circumstantial evidence that the ratchet straps failed after being used outside intermittently for less than two years. Arant argues that the Defendants' expert's testimony supports his position that it is unexpected that the ratchet straps would have broken under Arant's weight if they had been used only for a relatively short time

period.[14] Arant argues that because the ratchet straps unexpectedly failed, the doctrine of *res ipsa loquitur* is appropriate in the present case.

The Court disagrees. The doctrine of *res ipsa loquitur* requires that the only reasonable hypothesis for a product's failure be a defect in the product due to a breach of duty or omission by a Defendant. The facts of this case do not exclude all possible causes of failure other than a defective condition. The Defendants, for example, have presented extensive expert and technical evidence supporting their theory that the ratchet straps failed because of tree growth and prolonged exposure to the elements. The Plaintiff dispute the length of time the ratchet straps were attached to the tree. But certainly tree growth and prolonged exposure to the elements is certainly a reasonable hypothesis as to why the ratchet straps failed.  There are a  myriad of other possible causes for the straps to fail. Therefore, the doctrine of *res ipsa loquitur* is not applicable to the present case.    With the doctrine of *res ipsa loquitur* being inapplicable to the present case, whether or not Arant's circumstantial evidence will be sufficient to meet his burden of proof rests on whether a reasonable juror could conclude more probably than not that his damages were caused by an unreasonably dangerous condition of the ratchet straps. Haskins, 2008 WL 1775272 at *5. Case law indicates that, at times, "background knowledge and common sense" are enough for a reasonable juror to infer the cause of a product's defect. See Malbrough, 392 F.3d at 137.

---

[14]Arant cites the deposition testimony of Jeremy Lees, an engineer for Tashin, wherein Lees states that if the product was used as expected, it would not have broken under Arant's weight. Lees also stated that with adequate inspection of the straps, the product should last more than five years. Record Document 68-1, pp. 79:11-13 and 65:3-6.

The Court does not believe that this is such a case. The Defendants have presented one possible cause for the failure of the ratchet straps, which Arant disputes, but Arant bears the burden of proving that his damages were caused by an unreasonably dangerous condition of the ratchet straps.  Arant presents no expert testimony as to what is the unreasonably dangerous characteristic that caused the straps to fail. Although Arant has argued that the ratchet straps were susceptible to UV degradation, he has not provided the Court with any such evidence. Even if the Court assumes, arguendo, that the rachet straps were not exposed to the elements for several years, the Court is left with no alternative causes explaining why the straps failed. The ratchet straps' susceptibility to unreasonably dangerous UV degradation is not an assessment that a lay person can make from a mere inspection of the product itself. The Court cannot presume causation simply because an accident occurred, and Arant's speculation that there must be an unreasonably dangerous characteristic of the ratchet straps because they failed and caused his injuries is not enough to create a factual issue. Therefore, the Court finds that Arant has not meet his prima facie burden of proof on his LPLA claims, and those claims shall be **DISMISSED**.

### B.    Right of Redhibition

Arant argues that the ratchet straps violate the warranty against redhibitory defects. The Defendants argue that Arant has failed to submit sufficient evidence proving that a defect existed in the ratchet straps.[15] The Court notes that although Arant submitted two briefs in opposition to the Defendants' motion for summary judgment, he did not address why the Court should not grant summary judgment on his redhibition claim.

---

[15]Record Document 53-2, p. 8.

Louisiana Civil Code article 2520 states that a seller warrants the buyer against redhibitory defects in the thing sold, and a defect is considered redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. La. Civ. Code Ann. art. 2520. The warranty against redhibitory defects covers only defects that exist at the time of delivery. The defect shall be presumed to have existed at the time of delivery if it appears within three days from that time. La. Civ. Code Ann. art. 2530.

In order to establish a prima facie case of redhibitory defect, the buyer has the burden of proving by a preponderance of the evidence that a redhibitory defect existed at the time of the sale. Morris v. United Serv. Auto. Ass'n, 32,528 (La. App. 2 Cir. 2/18/00); 756 So. 2d 549, 561. Proof of a redhibitory defect may be by direct or circumstantial evidence that gives rise to a reasonable inference that the defect existed. Id. (citations omitted). "The evidentiary burden is that the proof must be more probable than not. The buyer need not prove the underlying cause of the defect, only that it existed." Id. "If the circumstantial evidence excludes other reasonable hypotheses with a fair amount of certainty, [the Plaintiff] has borne his burden of proof." Custom Metal & Air Conditioning Co. v. Boudreaux, 346 So. 2d 1379 (La. App. 3 Cir. 1977).

The Fifth Circuit has noted that Louisiana courts have held that "even if the defect appears more than three days after the sale, a reasonable inference may arise, in the absence of an intervening cause or other explanation, that the defect existed at the time of sale." Sweeny v. Vindale Corp., 574 F.2d 1296, 1300 (5th Cir. 1978)(citations omitted). In Dodd v. Tucker, the court found that where more than three years passed between the time of sale and the discovery of a crack in a home's foundation, it could not presume that

the defect was present at the time of sale without evidence to substantiate the claim. 528 So. 2d 644, 652 (La. App. 2 Cir. 1988). In Snoke v. M&M Dodge, Inc., the court found that where a Plaintiff did not bring a car in for repairs until three months after he purchased it and there was evidence that he had put contaminated gasoline in the car, it could not find that the redhibitory defect was present when he purchased the car. 546 So. 2d 936, 942 (La. App. 3 Cir. 1989).

In the present case, Arant has presented circumstantial evidence that the ratchet straps broke after less than two years of use.[16]  This alleged defect in the ratchet straps appeared more than three days after Arant purchased the straps, and therefore, the defect will not be presumed to have existed at the time he purchased the straps at Wal-Mart. As described by the courts in Sweeny and Dodd, when a redhibitory defect presents itself more than three days after purchase, a Plaintiff must either provide evidence that the defect existed at the time of sale or there must be a lack of evidence supporting the possibility of intervening cause of the defect. Arant's circumstantial evidence focuses on proving that a defect in the ratchet straps existed and caused his injuries under the LPLA. Arant has not provided any evidence, nor has argued, that the alleged defect existed at the time he purchased the ratchet straps, as required for redhibitory defect under the Louisiana Civil Code.

Considering the above, the record does not support an inference by the Court that the alleged defect existed at the time Arant purchased the ratchet straps.  Therefore, the Court finds that Arant has not presented sufficient evidence to create a question of fact

_____

[16]Record Document 61, p. 1.

Page 12

about whether the alleged defect existed in the ratchet straps at the time of sale. As such, Arant has failed to meet his burden of proof for a prima facie case of redhibitory defect, and his claim for redhibitory defect shall be **DISMISSED**.

## IV.   Conclusion

For the foregoing reasons, the Defendants' Motion for Summary Judgment [Record Document 53] is hereby **GRANTED**.  The Plaintiff's claims against the Defendants are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana this 26th day of March, 2015.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE